## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES D. SCHNELLER, et al., | : | CIVIL ACTION |
| **Plaintiffs** | : | |
| | : | |
| v. | : | NO. 06-1504 |
| | : | |
| FOX SUBACUTE AT | : | |
| CLARA BURKE, et al., | : | |
| **Defendants** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                          **June 25, 2009**

Four years after the death of his elderly mother on March 31, 2002, James D.
Schneller and allegedly three other plaintiffs[1] filed a *pro se* action against several
defendants[2] whom he claims are legally responsible.  The genesis of the case appears to
be medical and legal malpractice as a result of the allegedly negligent services rendered to
Mr. Schneller's parents during the last few months of their lives.  I dismissed the case

----

[1]  These plaintiffs include: (1) Heirs and beneficiaries of Marjorie C. Schneller, by James
D. Schneller, trustee *ad litem*; (2) Estate of Marjorie Schneller, by and through James D.
Schneller, trustee *ad litem*; and (3) Marjorie Zitomer, executrix of the Estate of Marjorie
Schneller (Miss Zitomer is Mr. Schneller's sister and also a defendant in this action).  The Third
Circuit noted: "Schneller filed his complaint *pro se*.  He also purports to represent other persons
and entities.  Although Schneller is entitled to represent himself *pro se*, he 'may not appear *pro
se* in the cause of another person or entity.'"  Schneller, et al. v. Fox Subacute at Clara Burke, et
al., 2008 U.S. App. LEXIS 8777, *2 n.1 (3d Cir. 2008).  Accordingly, I will refer to Mr.
Schneller as the sole plaintiff.

[2]  The thirteen defendants include: (1) Fox Subacute at Clara Burke; (2) Gary Drizin,
M.D.; (3) Debbie McCoy, R.N.; (4) Marjorie Zitomer; (5) G. Richard Schneller (the plaintiff's
brother); (6) T. Sergeant Pepper, Esq.; (7) Hepburn, Wilcox, Hamilton and Putman, LLP; (8)
Pennsylvania Department of Aging; (9) Pennsylvania Department of Health, Division of Nursing
Care Facilities – Norristown Field Office; (10) Gary Layman; (11) Judith Folan; (12) Samuel J.
Trueblood, Esquire; and (13) Trueblood & Amacher, LLP.

based on lack of jurisdiction before service was perfected.  See Schneller, et al. v. Fox Subacute at Clara Burke, et al., No. 06-1504, 2006 U.S. Dist. LEXIS 21054, *7-8 (E.D. Pa. April 18, 2006).  On appeal, the Third Circuit Court of Appeals vacated the dismissal holding that the plaintiff should have been given an opportunity to amend his complaint. Schneller, et al. v. Fox Subacute at Clara Burke, et al., 2008 U.S. App. LEXIS 8777, *2 n.1 (3d Cir. 2008).  On December 5, 2008, Mr. Schneller filed an amended complaint which added a count for injunctive relief.  See Document #33.

There are four groups of defendants[3] which have filed motions to dismiss.  For the following reasons, I will grant the motions to dismiss in their entirety.

## I. BACKGROUND

In October 2004, Mr. Schneller began a series of actions against the defendants in the Courts of Common Pleas of various counties within the Eastern District of Pennsylvania.  The cases were dismissed through entries of judgment *non pros* for failure to file Certificates of Merit as required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure.  Mr. Schneller unsuccessfully attempted to re-open the cases and/or strike the judgment of *non pros*.  He then appealed this case to the Pennsylvania Superior Court which affirmed without an opinion.  The Pennsylvania Supreme Court denied his petition

---

[3]  The defendants are grouped as follows: 1) the Commonwealth defendants; 2) Defendant T. Sergeant Pepper, his law firm, and the plaintiff's brother and sister; 3) Defendant Samuel Trueblood, his law firm, and Defendant Gary Drizin; and 4) Defendants Fox Subacute at Clara Burke and Debbie McCoy.  Defendants Gary Layman and Judith Folan have not responded to the amended complaint which lists them as employees of the Commonwealth defendants.  See Am. Compl. ¶ 11.

for allowance of appeal.  Finally, the United States Supreme Court denied the plaintiff's

petition for writ of *certiorari*.  <u>Schneller v. Fox Subacute at Clara Burke, et al.</u>, 128 S.Ct.

56 (2007).

The eighty-two (82) page amended complaint contains six-hundred thirty-two

(632) paragraphs purporting to provide the basis of the plaintiff's twenty-eight (28)

claims:

| | | |
|---|---|---|
| Count 1A | – | Violation of the Assisted Suicide Funding Restriction Act of 1997 |
| Count 1B | – | Civil Action for Deprivation of Rights |
| Count 1C | – | Conspiracy to Interfere with Civil Rights – Depriving Persons of Rights and Privileges |
| Count 1D | – | Conspiracy to Interfere with Civil Rights – Obstructing Justice and Intimidating Parties |
| Count 1E | – | Neglect to Prevent Deprivation of Rights and Conspiracy for Deprivation of Rights – Failure to Warn |
| Count 2 | – | Breach of Contract |
| Count 3 | – | Breach of Contract |
| Count 4 | – | Fraudulent and Negligent Inducement of Contracts |
| Count 5 | – | Deprival of Due Process, Negligence and Intentional Tort by Government Agency |
| Count 6 | – | Wrongful Death |
| Count 7 | – | Survival |
| Count 8 | – | Intentional Tort – Abuse of Power of Attorney and Advance Health Directive |
| Count 9 | – | Negligence *Per Se* (violation of sixty-five state and federal statutes) |
| Count 10 | – | Battery |
| Count 11 | – | Battery – Lack of Informed Consent |
| Count 12 | – | Survival – Negligent and Intentional Infliction of Emotional Distress |
| Count 13 | – | Survival Action – Damages to Estate of Deceased |
| Count 14 | – | Survival – Punitive Damages |
| Count 15 | – | Negligence and Intentional Tort By Licensed Medical Defendants |
| Count 16 | – | Negligence and Intentional Tort Against Legal Professional Defendants |
| Count 17 | – | Fraud and Intentional Misrepresentation |
| Count 18 | – | Conspiracy |

| Count 19 | – | Breach of Confidential Relationship |
| Count 20 | – | Negligent and Intentional Infliction of Emotional Distress |
| Count 21 | – | Tortious Interference with Present and Prospective Economic Advantage |
| Count 22 | – | Tortious Interference with Inheritance |
| Count 23 | – | Punitive Damages |
| Count 24 | – | Injunctive relief to restrain various defendants from the unscrupulous decisions to end life, or to deny the rights granted by law. |

Mr. Schneller also alleges violations of various Long Term Care Facility regulations, including:  42 C.F.R. § 483.10, 42 C.F.R. § 483.15, and 42 C.F.R. § 483.25.[4]

See Am. Compl. ¶ 21.

## II.  STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d

---

[4]  These provisions "contain the requirements that an institution must meet in order to qualify to participate as a [skilled nursing facility] in the Medicare program, and as a nursing facility in the Medicaid program.  They serve as the basis for survey activities for the purpose of determining whether a facility meets the requirements for participation in Medicare and Medicaid."  42 C.F.R. § 483.1(b).  These regulations do not confer a private right of action. Accordingly, they provide no basis for jurisdiction pursuant to 28 U.S.C. § 1331.

4

Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim.  Conley, 355 U.S. at 47.  Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.  The "complaint must allege facts suggestive of [the proscribed] conduct."  Twombly, 550 U.S. at 555.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.  See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).  The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 555).

A case may be also dismissed under Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. . . ."  Fed.R.Civ.P. 12(h)(3).  Alternatively, a court choosing not to grant a motion to dismiss for lack of subject matter jurisdiction may, under Rule 12(e), grant a motion for a more definitive statement if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . . ."  Fed.R.Civ.P.

12(e).

Moreover, courts must liberally construe *pro se* complaints and "apply the applicable law, irrespective of whether [the] litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). Thus, a plaintiff's complaint, however inartfully pleaded, must be held to a less stringent standard than a formal pleading drafted by an attorney. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. DISCUSSION

### A. Non-Commonwealth Defendants – Federal Claims

These defendants primarily argue that the case should be dismissed because this court does not have subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and they may only decide cases as authorized by Congress or the Constitution. District courts have subject matter jurisdiction over federal questions pursuant to 28 U.S.C. § 1331, in which Congress grants courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Federal courts also have subject matter jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" pursuant to 28 U.S.C. § 1332(a).[5] The requirement of complete diversity means that "jurisdiction is

---

[5] Title 28 U.S.C. § 1332(a) provides: The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

(continued...)

6

lacking if any plaintiff and any defendant are citizens of the same state." Menan Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)).

When a motion to dismiss for lack of subject matter jurisdiction is before a court, "the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of litigation." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993). This burden is applicable to cases based on diversity jurisdiction as well, and in such cases a plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met. Quaker State Dyeing & Finishing Co., Inc., v. ITT Terryphone Corp., 461 F.2d 1140, 1143 (3d Cir. 1972) (citing McSparran v. Weist, 402 F.2d 867, 875 (3d Cir. 1968)).

Here, the plaintiff and eleven defendants are residents of Pennsylvania. The plaintiff's brother and sister are citizens of Virginia and New York, respectively. There is clearly no complete diversity of citizenship. Thus, jurisdiction cannot be based on 28 U.S.C. § 1332. The defendants, however, also argue that the amended complaint fails to present a federal question sufficient to confer jurisdiction. Federal question jurisdiction exists in one of two circumstances: (1) where federal law creates the cause of action; or

---

[5](...continued)
of $75,000, exclusive of interest and costs, and is between: (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state; (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state as plaintiff and citizens of a state or of different states.

(2) where the complaint poses a substantial federal question.  <u>Sodi v.  Discover Financial Services</u>, 2004 U.S. Dist. LEXIS 24133, *8 (E.D. Pa. 2004).  Here, the plaintiff's alleged bases for federal question jurisdiction fall into two categories: (1) alleged violations of federal statutes and regulations; and (2) alleged civil rights violations.

Mr. Schneller cites several federal statutes and regulations throughout his amended complaint.  Of the twenty-eight counts contained in the amended complaint, however, only seven counts attempt to set forth federal causes of action.  The first count alleges a violation of the Assisted Suicide Funding Restriction Act of 1997, 42 U.S.C. § 14401, *et seq*.  <u>See</u> Am. Compl. ¶¶ 95-107.  This Act, however, does not create a private right of action, and thus cannot provide the basis for jurisdiction.

If Congress intends to create a private cause of action under a federal statute, then federal courts should find a private cause of action under the given statute.  <u>Transamerica Mortgage Advisors, Inc. v. Lewis</u>, 444 U.S. 11, 15 (1979).  Congress' intent is determined by examining "the language or structure of a statute or the circumstances of its enactment."  <u>Id.</u>  "[W]hether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction."  <u>Id.</u>  If the language of the statute expressly gives a remedy then courts should be wary when they are requested to add an additional remedy that is not expressly provided for in the statute.  <u>Id.</u>

The structure and language of this Act do not show any intent by Congress to establish a private cause of action.  The purpose of the Act is "to continue current federal

policy by providing explicitly that federal funds may not be used to pay for items and services (including assistance) the purpose of which is to cause (or assist in causing) the suicide, euthanasia, or mercy killing of any individual." 42 U.S.C. § 14401(b).  Mr. Schneller claims that jurisdiction is proper under this Act because many of the defendants applied funds appropriated by Congress for the purpose of paying for the provision of health care services, federal funds under certain grant programs including Medicare and Medicaid, and federal advocacy grants, to pay for, provide and contribute to payment or coverage, for health care items and service furnished for the purpose of causing, and for the purpose of assisting in causing, the death of Marjorie C. Schneller, by euthanasia, mercy killing and assisted suicide.  See Am. Compl. ¶ 16.  Mr. Schneller's assertion is contrary to law.

The rationale for the enactment of this statute is to prevent federal funds from being used for the criminal and unlawful purpose of assisted suicide.  See 42 U.S.C.A. § 14401 (a)(2).  There have never been any criminal charges in connection with the care and treatment of Marjorie Schneller, and the claims that the defendants engaged in some type of mercy killing are unfounded.  Further, no court has found that Title 42 U.S.C. § 14401, *et seq.*, creates a private cause of action.  Thus, because the Assisted Suicide Funding Restriction Act cannot form the basis of subject matter jurisdiction, I will dismiss Count IA.

The next four counts in the amended complaint allege the deprivation of civil

rights pursuant to 42 U.S.C. § 1983 and related statutes.  Because they contemplate a

private cause of action, these statutes provide subject matter jurisdiction to the court.

Counts 1B, 1C, 1D, and IE set forth the plaintiff's civil rights claims against the

defendants for alleged violations of his mother's rights guaranteed by the Fourteenth

Amendment to the United States Constitution.  Count 1B contains allegations that the

defendants, under color of state law, deprived Mrs. Schneller of life, liberty, and property

by enforcing her advanced health care directive over Mr. Schneller's objection and

causing her death.  See Am. Compl. ¶¶ 213-230.  Count 1C claims that the defendants

conspired with malice to deprive Mrs. Schneller "of her basic rights to eat, drink, and

breathe," and her "rights to life, safety, freedom of speech, freedom to write and

communicate, privacy, family interaction, rights to legal representation, and general well-

being."  See Am. Compl. ¶¶ 231-248.  Count 1D alleges that the defendants "conspired

for the purpose of impeding, hindering, obstructing, and defeating the due course of

justice enjoyed by citizens, with the intent to deny plaintiffs the equal protection of the

laws," and that these acts constituted causes of action for intimidation, confusion,

diversion, threat, and obstruction of justice, as well as criminal assault and criminal

maiming.  See Am. Compl. ¶¶ 249-263.  Finally, Count IE alleges that the defendants,

"having knowledge that any and all of the wrongs conspired to be done, as enumerated in

this complaint, were about to be committed, and having power to prevent or aid in

preventing the commission of the same, neglected or refused so to do."  See Am. Compl.

¶¶ 264-272.

The Fourteenth Amendment to the U.S. Constitution provides that "no State shall…deprive any person of life, liberty, or property, without due process of law…" U.S. Const., Amend. 14, §1.  The protections of the Fourteenth Amendment do not extend to private conduct abridging individual rights, no matter how unfair that conduct may be. National Collegiate Ath. Ass'n v. Tarkanian, 488 U.S. 179 (1988).  It is the duty of this court to ensure that the Fourteenth Amendment is invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001); Edmonson v. Leesville Concrete Co., 500 U.S. 614, 632 (1991); Blum v. Yaretsky, 457 U.S. 991 (1982).  If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action "under color of state law" for Section 1983 purposes.  Brentwood Acad., 531 U.S. at 295 (citing Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982)).

Title 42 U.S.C. §1983 authorizes redress for violations of constitutional rights and provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

11

42 U.S.C. §1983.  By its terms, Section 1983 does not create a substantive right; it merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes.  Baker v McCollan, 43 U.S. 137 (1979).  In order to establish a claim under Section 1983, a plaintiff must demonstrate (1) a violation of a right secured by the Constitution and the laws of the United States and that (2) the alleged deprivation was committed by a person acting under color of state law.  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999).

Here, Mr. Schneller fails to satisfy these requirements where the non-Commonwealth defendants are concerned.  Although a private party may cause a deprivation of a constitutional right, it is subjected to liability under Section 1983 only when it does so under color of state law.  Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978).  Section 1983 excludes from its reach "merely private conduct," no matter how discriminatory or wrongful.  American Mfrs. Mut. Ins. Co., 526 U.S. at 50.  Mr. Schneller baldly asserts that these non-Commonwealth defendants were acting under color of law or were state actors.  The actions alleged here, however, were not performed under color of state law, and the defendants are not and cannot be considered state actors.

The traditional exclusive governmental function test requires that a private entity exercise powers traditionally and exclusively reserved to the State, such as holding an election or eminent domain.  Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992).  The provision of hospital services is not a traditional public function exclusively reserved

for the State.  Shannon v. Shannon, 965 F.2d 542, 547 (7th Cir. 1992) (hospital care is not an exclusive prerogative of the State).

When analyzing the exclusive government function test, the Supreme Court has held that the receipt of public funds and the performance of a function serving the public, alone, are not enough to make a private entity a state actor.  Rendell-Baker v. Kohn, 457 U.S. 830, 840 (1982); Black, et al. v. Indiana School District, 985 F.2d 707, 710-11 (3d Cir. 1993) (a school bus driver is not performing an exclusive government function, even though paid by the state and performing a service for the public).  The fact that hospitals and nursing homes may be extensively regulated and may receive financial support from the government through Medicaid and Medicare does not make them state actors.  Blum, 457 U.S. at 1011.  In Blum, the Supreme Court flatly rejected the argument that the State's payment of more than 90% of nursing home patients' medical expenses and the licensing of nursing homes does not create a symbiotic relationship between the state and nursing homes.  Additionally, the vast majority of Courts of Appeals have determined that the recipient of federal construction funding, Medicare and Medicaid funds, and the existence of tax exemption, as well as state licensing requirements for non-profit hospitals, do not constitute state action under 42 U.S.C. § 1983.  See Hodge v. Paoli Memorial Hospital, 576 F.2d 563 (3d Cir. 1978) (citing Schlein v. Milford Hospital, Inc., 561 F.2d 427 (2d Cir. 1977); Greco v. Orange Memorial Hospital Corporation, 513 F.2d 873 (5th Cir.), cert. denied, 423 U.S. 1000 (1975); Jackson v. Norton-Children's

13

Hospitals, Inc., 487 F.2d 502 (6th Cir. 1973), cert. denied, 416 U.S. 1000 (1974); Doe v.

Bellin Memorial Hospital, 479 F.2d 756 (7th Cir. 1973); Briscoe v. Bock, 540 F.2d 392

(8th Cir. 1976); Watkins v. Mercy Medical Center, 520 F.2d 894 (9th Cir. 1975); Ward v.

St. Anthony Hospital, 476 F.2d 671 (10th Cir. 1973)).

Accordingly, the receipt of federal funding is not determinative of state action.

Private entities are not transformed into state actors by the simple provision of funds.

Because Mr. Schneller cannot establish state action, he cannot establish a cause of action

under 42 U.S.C. § 1983 or related statutes, which provide a necessary conduit through

which the plaintiff might recover for alleged federal rights violations perpetrated against

him.  Accordingly, I will dismiss the non-Commonwealth defendants from Counts 1B,

1C, 1D, and 1E.

### B.  Commonwealth Defendants – Federal Claims

Mr. Schneller also seeks damages and equitable relief under § 1983 against the

Pennsylvania Department of Aging, and the Pennsylvania Department of Health, Division

of Nursing Care Facilities – Norristown Field Office.  These departments are executive

agencies of the Commonwealth of Pennsylvania.  See 71 P.S. §§ 11, 61, 531-551

(Health); and 71 P.S. §§ 581-1 through 581-12 (Aging).  These defendants have filed a

motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure,

arguing that the Eleventh Amendment[6] provides them immunity, and thus bars federal jurisdiction.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n. 2 (3d Cir.1996) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984) (Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction)).

It is well-established that, absent consent by the State, the Eleventh Amendment bars suits in federal court by private parties for money damages against states, state agencies and state officials in their official capacities.  Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Puerto Rico Aqueduct and Sewer Authority v. Metcalf and Eddy, 506 U.S. 139 (1993); Kentucky v. Graham, 473 U.S. 159, 169 (1985) (state officials sued in their official capacities are immunized from federal suit); Melo v. Hafer, 912 F.2d 628, 642 (3d Cir.1990).  The Amendment's bar extends to suits, as here, against departments or agencies of the state having no existence apart from the state.  Laskaris v. Thornburgh, 661 F. 2d 23, 25 (3d Cir. 1981)(citing Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 280 (1977)).

The Eleventh Amendment also applies where the plaintiff seeks equitable relief. Seminole Tribe of Florida, 517 U.S. at 58; Cory v. White, 457 U.S. 85, 90-91 (1982);

---

[6]  The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

<u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978) (Eleventh Amendment bars suit for injunctive relief against State and its agencies absent State's consent).  A state may consent to be sued in federal court, but the waiver must "unequivocally expressed." <u>Pennhurst</u>, 465 U.S. at 99.  Pennsylvania has expressly withheld consent.  42 Pa.C.S. § 8521(b); 1 Pa.C.S. § 2310.  <u>See</u> <u>Laskaris</u>, 661 F. 2d at 25.

Neither supplemental jurisdiction nor any other basis of jurisdiction overrides the Eleventh Amendment.  <u>Pennhurst</u>, 465 U.S. at 121.  Furthermore, Section 1983 does not override the Amendment.  <u>Quern v. Jordan</u>, 440 U.S. 332, 341-42 (1979).  Accordingly, I will dismiss Counts 1B, 1C, 1D, and 1E in their entirety.

### C.  <u>Untimeliness of Federal Claims</u>

I also note that if these federal claims were properly before me, they would still fail as untimely.  Although Rule 12(b) does not explicitly permit the assertion of a statute of limitations defense by a motion to dismiss, the so-called "Third Circuit Rule" allows a defendant to assert a limitations defense in a Rule 12(b)(6) motion "if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'"  <u>Zankel v. Temple University</u>, 245 Fed. Appx. 196, 198 (3d Cir. 2007) (citing <u>Robinson v. Johnson</u>, 313 F.3d 128, 135 (3d Cir. 2002)).  Because these federal statutes do not set forth a specific statute of limitations, the claims are subject to Pennsylvania's two-year statute of limitations.  <u>City of Rancho Palos Verdes v. Abrams</u>, 544 U.S. 113, 124 (2005) (where a plaintiff relies upon federal statutes in asserting a

claim, and those statutes do not contain a specific provision regarding the time within which an action may be brought, federal courts apply the statute of limitations governing suits for personal injury in which the action arises); Wilson v. Garcia, 471 U.S. 265, 275 (1985); see also Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (actions arising under Sections 1983 and 1985 are subject to the statute of limitations prescribed for personal-injury actions in the state in which the relevant events occurred).  Pennsylvania's personal injury statute of limitations is two years.  Vojtasek v. Diocese of Allentown, 916 A.2d 637, 640 (Pa. Super. 2006); 42 Pa.C.S.A. § 5524(2).  The death of Marjorie Schneller is a discreet and identifiable event, and the statute of limitations on any claims arising from her death or any of the alleged events that precipitated her death, began to arise on March 31, 2002.  With the filing of the motion to proceed *in forma pauperis*, this action was commenced on April 10, 2006, over four years after the death, and is thus untimely.  Accordingly, Mr. Schneller's federal claims would be time-barred if they were properly before me.

### D.  **State Law Claims**

Mr. Schneller claims that the court has supplemental jurisdiction over his remaining state law claims pursuant to 28 U.S.C. § 1367(a), which provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction

17

shall include claims that involve the joinder or intervention of
additional parties.

The state law claims in this amended complaint substantially predominate over the
federal claims.  See 28 U.S.C. § 1367(c)(2).  The federal claims in the amended complaint
will be dismissed.  28 U.S.C. § 1367(c)(3).  Accordingly, I decline to exercise
supplemental jurisdiction over the state law claims in this case.

I note, however, that if the state law claims were properly before me, they would
still be dismissed as untimely.  The plaintiff and eleven of the thirteen defendants are
residents of Pennsylvania, and all relevant events in this case arose in Pennsylvania.  It is
well-established that a federal court shall apply Pennsylvania substantive law and federal
procedural rules to the resolution of state law claims.  See Erie Railroad Company v.
Tomkins, 304 U.S. 64 (1938)).  Accordingly, Pennsylvania law governs the disposition of
the plaintiff's state law claims.  In Pennsylvania, the applicable two-year statute of
limitations for tort claims provides that:  The following actions and proceedings must be
commenced within two years:

(1)     An action for assault, battery, false imprisonment, false arrest,
        malicious prosecution or malicious abuse of process.

(2)     An action to recover damages for injuries to the person or for the
        death of an individual caused by the wrongful act or neglect or
        unlawful violence or negligence of another.

(3)     An action for taking, detaining or injuring personal property,
        including actions for specific recovery thereof. . . .

(7)     Any other action or proceeding to recover damages for injury to

18

person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

Title 42 Pa. C.S.A. § 5524.  Thus, under § 5524(2), because the case was filed over four years after Mrs. Schneller's death, the plaintiff's state law tort claims arising from her death or the care she received in the months preceding her death would also be time-barred.

Likewise, all contract claims in this amended complaint would also be untimely because under Pennsylvania law, an action for breach of contract is subject to a four-year statute of limitations.  42 Pa.C.S.A. § 5525.  Mrs. Schneller died on March 31, 2002, and the case was filed over four years later.  Thus, the plaintiff's state law contract claims arising from the death of his mother or the care she received would also be time-barred.

In conclusion, while the plaintiff attempts to bring federal claims in combination with his predominant state law claims, the federal claims will be dismissed for the reasons set forth in this memorandum.  Finally, I decline to exercise supplemental jurisdiction over the state law claims, all of which are untimely.

An appropriate Order follows.